MORGAN's
SYNDICS
*vs.*
FIVEASH.

A planter who permits his slaves to earn money for themselves, by cordelling ships, has no action in case one of them be drowned accidently in doing so.

*MORGAN'S SYNDICS vs. FIVEASH.*

APPEAL from the court of the second district.

MARTIN, J. delivered the opinion of the court. This case was remanded from this court a few months ago. There was judgment for the plaintiffs, and the defendant appealed.

His counsel urges that the inferior judge erred, as the evidence shows that the slave drowned, was part of a gang who were permitted to track vessels.

Kensey deposes, that on the morning after the slave was drowned, a white man came on board to inquire after him, and being informed of the accident, and asked why he permitted his people to track vessels at night, replied they worked all day, and had only the night to make something for themselves, and he thought it hard to prevent them.

Weaver deposed to the same purport, adding, this was the second slave lost in that manner.

Fisher, a witness of the plaintiffs, deposed, that on the morning after the accident, he went on board of the defendant's vessel, at

Eastern District.
*February*, 1830.

MONGAN'S
SYNDICS
*vs.*
FIVEASH,

the request of Eves, to inquire about the negro. He denied he made the declaration stated by the defendant's witnesses, but deposed, that sometimes the negroes of the plantation were permitted to cordel vessels through the turn. He has seen them do it and not forbidden. They had been at all times forbid to do so during the season of high water, and they have been punished for doing it then. That during the low water the slaves were permitted to cordel vessels through the turn, especially on Sunday afternoon, and then in case of fine weather only.

Eves, the overseer of the plantation, deposed, a general order existed, that the negroes should not aid vessels, or work for any other person, in any manner, but it was extremely difficult to enforce it, and they often did so. They sometimes tracked vessels through the turn, with his consent and permission, and sometimes with those of Morgan. From the character of the negro that was drowned, and his being an active man, the witness thinks it probable he was one of those to whom such a permission and consent had been given. He thinks the negroes were engaged in tracking vessels through the

Eastern District
*February*, 1830.

MORGAN'S
SYNDICS
*vs.*
FIVEASH.

same season. They were frequently engaged in tracking vessels through at night, as the wind is not so high then as in the day time, and he has frequently heard the cries of the negroes tracking vessels, while he was in bed. He had the charge of the plantation, and Fisher was under him.

It is clear, from the above testimony, that the slaves of the plantation to which the deceased belonged, were frequently engaged, with the consent, and permission of the persons who had them in charge, to render to masters of vessels, the services they rendered to the defendant. That they were allowed to earn something for themselves, in working days after they had performed their task, at night and on Sundays, Notwithstanding a general order which had been given to the contrary, and there is not any evidence of any of them having been punished for doing so, except where they did it during high water; and the overseer deposes, that he thinks they were engaged in tracking the vessels during the season, for which the defendant employed them.

It is therefore clear, that the person who had these negroes in charge, frequently per-

Eastern District
*February*, 1830
MORGAN's
SYNDICS
*vs*
FIVEASH.

mitted them to do acts, from which masters of vessels might well infer they had the consent and permission of the person under whose care they were.

It has been urged, that the defendant has not shown that he had any knowledge of the negroes having ever been engaged in towing vessels. The defendant did not personally employ the negroes. They were engaged by the pilot he had on board, who, from his occupation, had previously the opportunity of noticing the services rendered by the slaves of the plantation belonging to Morgan, to vessels, and it is in evidence, that when the slaves asked to be employed, they were asked whether they were in the habit of cordelling vessels, they answered affirmatively, and added that they had cordelled one the preceding night.

A planter, who avails himself of the opportunity which its position affords to his slaves, to earn money by towing vessels, cannot blame those who employ them, much less expect them to indemnify him for an accident.

It is therefore ordered, adjudged and decreed, that the judgment of the district court

MORGAN'S
SYNDICS
*vs.*
FIVEASH'

be anulled, avoided and reversed, and that there be judgment for the defendant, with costs in both courts.

*Eustis & Hennen* for plaintiffs *Maybin* for defendant.